12-2802-cv
Gwathmey v. Rales

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 1st day of May, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             CHRISTOPHER F. DRONEY,
                      *Circuit Judges*.
             CATHY SEIBEL,[*]
                      *District Judge*.

_____

GWATHMEY SIEGEL KAUFMAN & ASSOCIATES ARCHITECTS, LLC, fka GWATHMEY SIEGEL & ASSOCIATES ARCHITECTS, LLC,

                              *Plaintiff-Appellant*,

              -v-                                    12-2802-cv

MITCHELL RALES,

                              *Defendant-Appellee*.

_____


Appearing for Appellant:     Albert W. McKee, Gogick, Byrne & O'Neill LLP, New York, NY
                             (Kevin J. O'Neill ; *on the brief*; James F. Lee Jr., Lee & McShane,
                             PC, Washington, DC, *on the brief*)

---

[*] The Honorable Cathy Seibel, United States District Court for the Southern District of New York, sitting by designation.

Appearing for Appellee:       Robert E. Zimet, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY (Alexander N. Lamme, Watt Tieder Hoffar Fitzgerald,LLP, *on the brief*)

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Gwathmey Siegel Kaufman & Associates Architects, LLC appeals from the June 20, 2012 judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*) granting Michael Rales' motion to dismiss the action and denying its motions for a preliminary injunction and summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Gwathmey argues that the language contained in Paragraph 7.2 of the agreement between the parties (the "Agreement") providing that "[i]n no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statutes of limitations" establishes that arbitrability is to be determined by the courts. At a minimum, Gwathmey argues, the language creates an ambiguity as to who decides arbitrability.

The Agreement is not ambiguous, and by incorporating the American Arbitration Association ("AAA") rules the parties agreed to have the arbitrators decide arbitrability. "[W]hen, as here, parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Contec Corp. v. Remote Solution, Co.*, 398 F.3d 205, 208 (2d Cir. 2005). The AAA rules state that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." The district court correctly determined that the "in no event" language does not abrogate the decision to allow the arbitrator to determine arbitrability. The "in no event" language is simply a term of the arbitration agreement that establishes an outer limit for the "reasonable time" to which the previous sentence refers. Gwathmey's arguments simply do not hold up against the weight of our Court's precedent.

Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2